IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Sharon K. Martin, individually and on behalf of all others similarly situated in Missouri,<br><br>        Plaintiff,<br>  v.<br><br>Wm. Wrigley Jr. Co.,<br><br>        Defendant. | Case No.: |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

PLEASE TAKE NOTICE that Defendant Wm. Wrigley Jr. Company ("Wrigley"), through undersigned counsel, hereby removes the case identified in Paragraph 1 below to this Court. The removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**I.    NATURE OF REMOVED CASE**

1.    On June 6, 2017, Sharon K. Martin, individually and on behalf of all others similarly situated in Missouri, filed a putative class action against Wrigley in the Circuit Court of Jackson County, Missouri at Independence.  The petition (hereinafter, "Complaint") is captioned: *Sharon K. Martin v. Wm. Wrigley Jr. Co.*, Civil Case No. 1716-CV12857.

2.    Plaintiff challenges Wrigley's sale of Eclipse® Gum in the 18-piece package ("Eclipse Gum"), depicted below:

1



*See* Complaint ("Compl.") ¶¶ 3, 16

3. Plaintiff alleges that "[t]his packaging deceives reasonable consumers as to the amount of gum contained in the product." *Id.* ¶ 4.

4. Based on this alleged deception, Plaintiff attempts to maintain three causes of action: (1) violation of Missouri's Merchandising Practices Act (the "MMPA"), Compl. ¶¶ 34-38; (2) negligent misrepresentation, *id.* ¶¶ 40-47; and (3) unjust enrichment. *Id.* ¶¶49-52.

5. Plaintiff seeks to represent a putative class consisting of "[a]ll persons in Missouri who purchased an Eclipse Gum Twin-Pack [or 18 piece package] in the five years preceding the filing of this Petition (the "Class Period")." *Id.* ¶ 23.

## II. VENUE

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

## III. THE REMOVAL IS TIMELY

7. The removal is timely under 28 U.S.C. § 1446(b). Plaintiff filed her Complaint in state court on June 6, 2017. *See* Exhibit A. Plaintiff has not yet served Wrigley with the

2

Case 4:17-cv-00541-NKL    Document 1    Filed 07/05/17    Page 2 of 8

summons and Complaint. The address identified in the Complaint for service is not accurate. Wrigley filed this Notice of Removal less than 30 days after the Complaint was filed and well within the thirty (30) days of service required by law. *See, e.g.*, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## IV. NOTICE TO ADVERSE PARTY AND STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), Wrigley is serving written notice of the removal of this case on Plaintiff's counsel:

> R. John Azimi
> 136 E. Walnut, Ste. 300
> Independence, MO 64050

9. Pursuant to 28 U.S.C. § 1446(d), Wrigley will promptly file a Notice of Filing of Removal of Action to Federal Court with the Clerk of Circuit Court of Jackson County, Missouri at Independence. A copy of the Notice of Filing of Removal of Action to Federal Court (without exhibits) is attached hereto as Exhibit B.

## V. THE CONSENT REQUIREMENT IS INAPPLICABLE

10. Wrigley is the sole named defendant in the case and, in any event, this case could be removed without the consent of any other defendant as provided by 28 U.S.C. § 1453(b).

## VI. JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT

11. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified as 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603, 1711–1715) "grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

12. CAFA confers federal jurisdiction over class actions involving: (a) minimal diversity (i.e., diversity between any putative class member and any defendant); (b) at least 100

3

putative class members; and (c) at least $5 million in controversy, exclusive of interest and costs. As demonstrated below, this case meets CAFA's requirements. *See Standard Fire Ins. Co. v. Knowles*, ––– U.S. ––––, 133 S.Ct. 1345, 1348 (2013) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)).

### A. THE PARTIES ARE DIVERSE

13. The parties are diverse. They are, and were at all relevant times, citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff concedes that she was (and is) a Missouri citizen. Compl. ¶ 6.

15. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "'nerve center.'" *Id.* at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

16. At the time of the filing of the Complaint and this Notice of Removal, Wrigley was (and remains) incorporated in Delaware. Compl. ¶ 7; *see* Declaration of Robert Hoerres ("Hoerres Cecl.") ¶ 2 (attached hereto as Exhibit C). At the time of the filing of the Complaint and this Notice of Removal, Wrigley's headquarters was (and remains) in Chicago, Illinois. *Id.* Accordingly, Wrigley is not a citizen of Missouri.

17. Because Wrigley's citizenship differs from that of at least one member of the putative class, Wrigley has carried its burden to demonstrate CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

### B. THE PUTATIVE CLASS EXCEEDS 100

18. Plaintiff purports to bring a claim on behalf of herself and "[a]ll persons in Missouri who purchased an Eclipse Gum Twin-Pack [or 18 piece package] in the five years

4

preceding the filing of this Petition (the "Class Period")." *Id.* ¶ 23. Plaintiff claims that the putative class "consists of hundreds or thousands of purchasers." *Id.* ¶ 25; *see also Bell*, 557 F.3d at 955 (observing that plaintiff's allegations conceded that "two of the three requirements to support jurisdiction under CAFA were satisfied (minimal diversity and 100 or more class members)").

### C. THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

19. A removing party must prove by a preponderance of the evidence that the amount in controversy is in excess of $5,000,000 where, as here, "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). Where a plaintiff does "not allege a specific amount in controversy in his complaint, the amount in controversy depends upon the value of the relief [he] seeks." *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (citation omitted). In turn, that figure is measured by "the value to the plaintiff of the right sought to be enforced." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (quotation marks and citation omitted).

20. "Under the preponderance standard, 'the jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]" *Bell v. Hershey Co.*, 557 F.3d 953, 955–56 (8th Cir. 2009). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is less than the requisite amount." *Id.* at 956 (citation omitted). The plaintiff must "establish that it is legally impossible to recover in excess of the jurisdictional minimum." *Id.* at 959.

5

21. The Supreme Court recently held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Nonetheless, Wrigley also has provided evidentiary submissions in support of its Notice of Removal.[1]

22. Plaintiff claims that she and the putative class members conferred a benefit on Wrigley in the form of the purchase price for Eclipse Gum. *See* Compl. ¶ 49 ("Plaintiff and the Class Members conferred a benefit on Defendant in that they purchased the Gum that were manufactured, distributed, and sold by the Defendant.").

23. Plaintiff claims Wrigley accepted the benefit by selling Eclipse Gum and retaining the purchase price. *See id.* ¶ 50 ("Defendant appreciated the benefit because, were consumers not to purchase the Gum, Defendant would have no sales and would make no money from the Gum."). As damages for herself and each putative class member, Plaintiff seeks the return of the purchase price paid for Eclipse Gum over a five-year period. *See id.* ¶ 51 ("Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Gum."); *see also id.* ¶ 9 ("Plaintiff believes and alleges that the total value of her individual claims is, at most, equal to the refund of the purchase price she paid for the Gum.").

---

[1] Plaintiff tries to limit jurisdiction by stipulating both that (a) "Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case;" Compl. ¶ 13; and (b) "[T]he total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees, will not exceed $4,999,999[.]" Id. ¶ 9. But such allegations have no effect on Wrigley's ability to remove this case. *See Standard Fire Ins. Co.*, ⸺ U.S. ⸺, 133 S.Ct. at 1348–51; *Dalton v. Walgreen*, 721 F.3d 492, 493 (8th Cir. 2013); *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 837 (8th Cir. 2013).

24. From June 6, 2012 to June 5, 2017, retail sales for Eclipse Gum in the 18-piece package in Missouri exceeded $6 million. *See* Hoerres Decl. ¶ 4 (attached hereto as Exhibit C). Additionally, the MMPA authorizes attorneys' fees, Mo. Rev. Stat. § 407.025, and plaintiff seeks such fees in her prayer for relief. Compl. ¶53(b). Hence, the amount in controversy is greater than $5 million.

## VII. PAPERS FROM THE REMOVED ACTION

25. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of the pleadings filed in the Circuit Court of Jackson County, Missouri at Independence are attached hereto as Exhibit A. Wrigley did not answer Plaintiff's Complaint prior to removal and is not aware of any further proceedings or filings regarding this action in that court.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Wrigley hereby removes the above-captioned action to the United States District Court for the Western District of Missouri.

Dated: July 5, 2017

Respectfully submitted,

GERMAN MAY PC

By /s/ Jeremy M. Suhr
Jeremy M. Suhr     MO Bar 60075
Carrie Phillips    MO Bar 69278
1201 Walnut Street, Suite 2000
Kansas City, MO 64106
Telephone: (816) 471-7700
Facsimile: (816) 471-2221
Email: jeremys@germanmay.com
Email: carriep@germanmay.com

David A. Forker (*pro hac vice forthcoming*)
Mara W. Murphy (*pro hac vice forthcoming*)
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

7

Email: dforkner@wc.com
Email: mmurphy@wc.com

*Attorneys for Defendant Wm. Wrigley Jr. Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

    /s/ Jeremy M. Suhr
    *Attorney for Defendant*

8

Case 4:17-cv-00541-NKL    Document 1    Filed 07/05/17    Page 8 of 8